IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02607-REB-MEH

UNITED STATES OF AMERICA,

    Plaintiff,
v.

TIMOTHY W. GARDNER, and
MARLENE M. GARDNER,

    Defendants.

## ORDER ON MOTION TO COMPEL AND FOR SANCTIONS

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is the United States' Motion to Compel Answers to Plaintiff's Set of Interrogatories and Requests for Production of Documents [filed June 6, 2014; docket #14].  The matter is referred to this Court for resolution [docket #15].  Defendant Timothy Gardner (to whom the discovery requests were directed) did not respond to the motion within the time allotted by D.C. Colo. LCivR 7.1C.  For the reasons that follow, the Court **grants** the motion.

    On January 22, 2009, Judge Blackburn entered a default judgment against Timothy and Marlene Gardener.  Pursuant to the Federal Debt Collection Procedures Act, the United States served post-judgment discovery requests on Timothy Gardner on December 12, 2013 to determine his financial condition.  *See* 28 U.S.C. § 3015(a) (stating that in an action seeking post-judgment remedies, "the United States may have discovery regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action on a claim for a debt").  This package was mailed by certified mail, with return receipt requested. *See* docket #14-1 at p. 24.  The United States alleges it received the return receipt on December 20, 2013, indicating that Mr. Gardner received the package containing the discovery requests on

December 19, 2013.

The United States contends it also engaged in a good faith effort to confer with Mr. Gardner by mailing a letter to him on March 5, 2014 and requesting his discovery responses by March 20, 2014.  Mr. Gardner did not respond to this letter.

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1) (2009).  The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1).  *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004).

Mr. Gardner raises no objection to the discovery sought and the Court finds that the United States' discovery requests, on their face, appear to be relevant to the claims and defenses raised in this matter pursuant to Fed. R. Civ. P. 26(b)(1).  *See* docket #14-1.

Accordingly, for the reasons stated above, it is hereby ORDERED that the United States' Motion to Compel Answers to Plaintiff's Set of Interrogatories and Requests for Production of Documents [filed June 6, 2014; docket #14] is **granted**.  Defendant Timothy Gardner shall file responses to the United States' discovery requests within 30 days after service of this Order.

Dated at Denver, Colorado, this 8th day of July , 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge